UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
                                  :
              v.                  :    NO.:
DERRICK WILSON aka "Pop",         :
                                  :       (Caputo, J.)
              Defendant.          :

## PLEA AGREEMENT

The following plea agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendment, as interpreted by United States v. Booker, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.

1.    Waiver of Indictment/Plea of Guilty.    The defendant agrees to waive indictment by a grand jury and plead guilty to a felony information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania. That information will charge the defendant with a violation of Title 18, United States Code, Section 1952, interstate travel in aid of racketeering. The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits as well as an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts or seek

2

additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated, set aside, or invalidated by the district court or a ruling of an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this plea agreement.

2.      Dismissal of Counts.  At the time of sentencing on the information described above, the United States agrees to move for dismissal of the indictment filed under Criminal Number 3:13-CR-105. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this plea agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other

grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

3.  <u>Supervised Release</u>.   The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA  sample if the collection of a sample is so authorized by law.

4.  <u>Maximum Sentence</u>.   The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 5 years in prison and/or fines totaling $250,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

5.  <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure

4

to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

6.    <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.    <u>Inmate Financial Responsibility Program</u>. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the

payment of the outstanding fine and restitution orders.

8.    <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania.  This check should be made payable to "Clerk, United States District Court".  Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement.  If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

9.      Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant agrees fully to disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status and will promptly submit a completed financial statement to the United State's Attorney's Office as directed.  Defendant agrees that the financial statement shall be complete, accurate, and truthful.  As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status.  Further, the defendant authorizes the United States Attorney's Office to obtain the

7

defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court. Additionally, pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

10.   No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

11.   Acceptance of Responsibility–Three Levels.  Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally,

the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently.  Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility.  The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

12.   <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13.   <u>Specific Sentencing Guidelines Recommendations</u>.  With respect

to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows: (a) at least 20 grams but less than 40 grams of heroin are attributable to the defendant for purposes of sentencing; (b) each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

14.   Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions,

including but not limited to the following:

a.     The defendant be prohibited from possessing a firearm or other dangerous weapon.

b.     The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

c.     The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.     The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

e.     The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

f.     The defendant be confined in a community treatment center, halfway house or similar facility.

g.     The defendant be placed under house detention.

h.     The defendant be ordered to perform community service.

i.      The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

j.      The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

k.      The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

l.      The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.      The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.     <u>Background Information for Probation Office.</u>     The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

12

16.   <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report.  The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's

13

rulings, will not be grounds for withdrawal of a plea of guilty.

17.   <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

18.   <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

14

19.   <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw any guilty
plea for that reason alone, nor will the defendant be permitted to
withdraw any pleas should the Court decline to follow any
recommendations by any of the parties to this agreement.

20.   <u>Breach of Agreement</u>.  In the event the United States believes the
defendant has failed to fulfill any obligations under this agreement,
then the United States shall, in its discretion, have the option of
petitioning the Court to be relieved of its obligations.  Whether or not
the defendant has completely fulfilled all of the obligations under this
agreement shall be determined by the Court in an appropriate
proceeding at which any disclosures and documents provided by the
defendant shall be admissible and at which the United States shall be
required to establish any breach by a preponderance of the evidence. ~~In~~
~~order to establish any breach by the defendant, the United States is~~
~~entitled to rely on statements and evidence given by the defendant~~
~~during the cooperation phase of this agreement.~~

21.   <u>Remedies for Breach</u>.  The defendant and the United States agree

that in the event the Court concludes that the defendant has breached the agreement:

a.  The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

22.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for

16

attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

23.  <u>Collection Action by IRS</u>. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

24.  <u>Deportation</u>. The defendant understands that, if he/she is not a United States citizen, deportation is a possible consequence of his/her plea.

25.  <u>Non-Limitation on Government's Response</u>. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to,

17

requests for information concerning possible sentencing departures.

26.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

27.  <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement.  The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (A) withdraw from this agreement; or (B) make any sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to

18

withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

28.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

29.   <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary,

19

and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

30.   <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., ~~August 23~~, 2013, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

*September 6* DW

31.   <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

09-05-13
_____
Date

_____
DERRICK WILSON
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

9/5/13
_____
Date

_____
M. JASON ASBELL, ESQUIRE
Attorney for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

October 17, 2013
_____
Date

_____
WILLIAM S. HOUSER
Assistant United States Attorney

WSH:taf/August 7, 2013/ 2013R00013

*Revised  10/20/2012*

21